UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



MICHAEL TYRONE GALLAGHER,

　　　　Plaintiff,

v.　　　　　　　　　　　　　　　ACTION NO. 2:11cv181

DEPUTY CODFELLER, et al.,

　　　　Defendants.

## MEMORANDUM DISMISSAL ORDER

Plaintiff, a Virginia prisoner, brought this pro se action alleging he was subjected to an unreasonable search of his locker, an unreasonable strip search, and an unreasonable disciplinary process. Plaintiff seeks $1,000,000, transfer to a federal facility, and the institution of criminal charges against Defendant Codfeller. This matter is before the court on Defendants' Motion to Dismiss.

### I. Procedural History

On May 4, 2012, Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff sought an extension of time in which to respond to Defendants' Motion. The court granted Plaintiff an extension on May 30, 2012. Plaintiff filed his Response on July, 12, 2012, and Defendants have filed a Reply. In his Response, Plaintiff asserts that he requires another extension of time to file an additional response, and asks for

appointment of counsel. The court already granted Plaintiff an extension of time. As a result, Plaintiff had more than two months to respond to Defendants' Motion to Dismiss, which should have been more than sufficient. Moreover, Plaintiff has submitted nothing further since his Response on July 12, 2012. Accordingly, Plaintiff's Motion for an Extension of Time is **DENIED**. Furthermore, Plaintiff has not proffered any reason that would support the appointment of counsel. Therefore, because Plaintiff has failed set forth any exceptional circumstances that demonstrate the need for an attorney, Plaintiff's Motion for Appointment of Counsel is **DENIED**. Accordingly, this matter is ripe for judicial determination.

## II. Facts

The facts set forth in the Complaint are accepted as true for purposes of the Motion to Dismiss. On March 1, 2011, Defendant Codfeller conducted a search of Plaintiff's unit which is designated as A-Pod. After the search was completed, Plaintiff returned to his cell to find that a package of crackers and some soup had been smashed, a jar containing pickle juice was overturned, and clothes, photos, and letters had been ruined. Plaintiff submitted a grievance regarding the incident.

Later that day, Defendant Codfeller took Plaintiff to a make-shift barber shop, and told him to take off his clothes, turn around, spread his buttocks, squat, and cough. Plaintiff complied

2

with this order. Defendant Codfeller reached between Plaintiff's legs, touched Plaintiff in the groin area and then placed a finger on Plaintiff's anus. Plaintiff dressed hurriedly and asked Defendant Brandon to allow Plaintiff to speak with a supervisor. Defendant Brandon did not reply.

Plaintiff returned to A-Pod, and asked for everyone's attention. When A-Pod became quiet, Plaintiff related what had just happened and asked the other inmates what he should do. Defendant Codfeller then entered A-Pod, handcuffed Plaintiff, and escorted him to the medical department for a check-up before going to the Special Housing Unit ("SHU"). In the medical department, Plaintiff reported to the nurse that he had been sexually assaulted by Defendant Codfeller. Plaintiff was then escorted to SHU.

There were three deputies in the SHU cell, including Defendants Codfeller and Johnson, as well as another unnamed deputy. The deputies ordered Plaintiff to remove his clothes, turn, bend, squat, and cough. Plaintiff complied. Afterward, Plaintiff was ordered to put on his underclothes. Plaintiff was told to sign a paper stating that his cell was clean. However, Plaintiff refused to sign because there was writing on the walls, books and trash on the floor, and the smell of urine. A few minutes later, Plaintiff's clothes and shoes were returned to him, and Plaintiff was escorted back to the medical department.

In the medical department, Plaintiff explained to Defendants Harper, Johnson, and Smith all of the previous events. Defendant

3

Harper told Plaintiff that Defendant Codfeller was just doing his job, and that he could use his fingers during a strip search. Defendant Harper then told Plaintiff he would remain in the SHU until the investigation was complete.[1] Plaintiff was then escorted back to SHU, and given an orange jump suit that Deputy Johnson said he found in the laundry bin.

A few minutes later, Plaintiff was escorted to the mental health department, where Plaintiff broke down and spoke with a woman about the events of the day. The woman had Defendant Lowry join them. Defendant Lowry discussed several issues with Plaintiff, and told Plaintiff that fingers were not to be used during a strip search. Defendant Lowry asked Plaintiff about a spring that he said was found in Plaintiff's locker.[2] Plaintiff denied any knowledge of the spring. Plaintiff was then returned to SHU.

On March 4, 2011, Plaintiff was taken to see Defendant Dismuke. Defendant Johnson also was present. Apparently, Plaintiff was brought in for a disciplinary hearing. However, Plaintiff claims he was never served with the charge. Defendant Dismuke told Plaintiff to sit down and stated that Plaintiff was not needed for the hearing anyway. At that point, Plaintiff decided to leave, and a deputy escorted Plaintiff back to his cell.

---

[1] Plaintiff claims he did not know what was being investigated.

[2] The Complaint gives no indication as to what type of spring was found.

4

Plaintiff does not know the outcome of that hearing. Later that day, Plaintiff was transferred from Henrico County Jail East to Henrico County Jail West.

Plaintiff claims that he was sexually assaulted by Defendant Codfeller. In addition, Plaintiff claims that the actions of all the Defendants violated his due process rights.[3]

### III. Analysis

A. Standard on Motion to Dismiss

"[T]he purpose of Rule 12(b)(6) is to test the legal sufficiency of the complaint." Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994). In construing a motion to dismiss, the facts, though not the legal conclusions, alleged in a plaintiff's pro se complaint must be taken as true. Loe v. Armistead, 582 F.2d 1291, 1292 (4th Cir. 1978); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A pro se complaint should survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim only when a plaintiff has set forth "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level" and beyond the level that is merely conceivable. Id.; Iqbal, 556 U.S. at 680. A pro se complaint involving civil rights issues should be liberally

---

[3] Not all of Plaintiff's claims implicate due process rights. However, in consideration of Plaintiff's pro se status, the court has considered all conceivable causes of action, including the potential for a claim under the Eighth Amendment.

5

construed. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). However, a court is not required "to accept as true a legal conclusion couched as a factual allegation," Papasan v. Allain, 478 U.S. 265, 286 (1986), or a legal conclusion unsupported by factual allegations. Iqbal, 556 U.S. at 681. Dismissal is appropriate when a complaint contains a description of underlying facts that fails to state a viable claim. Estelle v. Gamble, 429 U.S. 97, 106-09 (1976); Twombly, 550 U.S. at 558.

B. **Discussion**

Plaintiff asserts numerous claims against the Defendants that simply do not rise to the level of constitutional violations. Plaintiff's claim for destruction of his property is not cognizable under 42 U.S.C. § 1983. Deprivations of personal property that are random unauthorized acts of state officials do not offend due process if due process is satisfied by adequate post-deprivation state remedies. Parratt v. Taylor, 451 U.S. 527, 543 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327 (1986). Furthermore, failure of officials to take due care is not sufficient to rise to the level of a constitutional violation. Davidson v. Cannon, 474 U.S. 344, 347-48 (1986). Section 1983 was intended to vindicate federal rights, not tort claims for which there are adequate state law remedies. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (citing Tucker v. Duncan, 499 F.2d 963, 965 n.1 (4th Cir. 1974)). Plaintiff's claim sounds in tort. The Virginia Tort Claims Act and Virginia tort law provide an adequate

6

remedy for the destruction of Plaintiff's personal property. Wadhams v. Procunier, 772 F.2d 75, 77-78 (4th Cir. 1985).

Plaintiff's various due process claims against Defendants for giving Plaintiff incorrect information, not wanting to hear Plaintiff's claim that he was sexually assaulted, being unresponsive to Plaintiff's claims, "taking sides," taking part in a disciplinary hearing despite having heard Plaintiff claim that he was sexually assaulted, having a staff member involved in the incident present at the disciplinary hearing, denying Plaintiff use of the phone, and taking away writing material all fail to implicate any violation of the Constitution.

Plaintiff claims that the disciplinary hearing violated his due process rights. If Plaintiff had lost good conduct allowances, he would be entitled to due process. Wolff v. McDonnell, 418 U.S. 539 (1974). However, Sandin v. Conner, 515 U.S. 472 (1995), and its progeny make it clear that disciplinary hearings that result in lesser punishments such as segregation and loss of privileges do not implicate the need for due process protections. See Terrell v. Bassett, 353 F. Supp. 2d 658, 660 n.2 (E.D.Va. 2005). Plaintiff has not alleged that he suffered any penalty or even that any penalty was imposed as a result of the disciplinary hearing held on March 4, 2011.[4] Accordingly, Plaintiff has failed to state a claim

---

[4]Assuming for argument sake that Plaintiff's transfer was the result of the disciplinary hearing, Plaintiff has no due process rights with respect to transfer. See Olim v. Wakinekona, 461 U.S. 238, 247-48 (1983).

7

for denial of his constitutional rights.

Plaintiff's claims regarding dirty linen, dirty clothes, a dirty cell, and lack of recreation for three days do not state a cognizable claim. Plaintiff has alleged no injury as a result of having to endure dirty linens, dirty clothes, a dirty cell, and no recreation for three days. A prisoner needs to show that he suffered from a serious injury in order to maintain a successful constitutional claim for prison conditions. See Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993).

Plaintiff's primary claims are that the first strip search by Defendant Codfeller was a sexual assault, and that the assault was in retaliation for Plaintiff filing a grievance regarding the items from his locker that were destroyed. Plaintiff does not complain about the second strip search where no touching occurred.

As a general rule, visual strip searches in prisons are routine and do not violate the Constitution unless carried out in an unreasonable manner. See e.g., Florence v. Bd. of Chosen Freeholders of the County of Burlington, 132 S.Ct 1510, 1517-18, ___ U.S. ___ (2012)(discussing the law regarding strip searches in various contexts); Bell v. Wolfish 441 U.S. 520, 545-46, 558-61 (1979). Strip searches that involve touching but no physical harm also have been found to be constitutional. See e.g., Morrison v. Cortright, 397 F. Supp. 2d 424, 425 (W.D.N.Y. 2005)(finding that an isolated incident where officer ran his finger between inmate's buttocks and rubbed his body against inmate's buttocks did not

8

violate the Eighth Amendment). In Plaintiff's case, Plaintiff suffered no physical injury from the touching of his anus. Plaintiff felt emotional distress and humiliation, and the incident brought back thoughts of a prior sexual assault. However, such injury does not rise to the level of a constitutional violation. At most, Defendant's conduct amounts to a tort similar to assault, which can be adequately remedied under state law. See Washington v. Harris, Action No. 06-11238, 2006 U.S. App. LEXIS 15780 *2 (11th Cir. June 23, 2006). A state law claim is not the equivalent of a claim under federal law or the Constitution, and is not cognizable under § 1983, absent the exercise of supplemental jurisdiction by the court. See Jordahl v. Democratic Party of Virginia, 122 F.3d 192, 203 (4th Cir. 1997). Therefore, Plaintiff's claim of sexual assault as described in his Complaint is not cognizable under § 1983; however, nothing herein prevents Plaintiff from pursuing a state action in tort for the assault.

Plaintiff claims that the search conducted by Defendant Codfeller was done in retaliation for Plaintiff filing a grievance against him. A state official may not retaliate against an individual for the exercise of a constitutional right. ACLU v. Wicomico County, 999 F.2d 780, 785 (4th Cir. 1993) (citing Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274 (1977)). However, the Fourth Circuit has noted that in the prison context, retaliation claims should be treated with skepticism. Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996); Adams v.

9

Rice, 40 F.3d 72, 74 (4th Cir. 1994). In order to prove that his rights have been violated, an inmate must show that "each retaliatory act violate[d] some constitutional right of an inmate or constitute[d] punishment for the exercise of a constitutional right." Cochran, 73 F.3d at 1318 (citing Adams, 40 F.3d at 75). Plaintiff must also show that he "suffered some adversity in response to [his] exercise of protected rights." Wicomico County, 999 F.2d at 785; accord Huang v. Board of Governors, 902 F.2d 1134, 1140 (4th Cir. 1990). In the case currently under consideration, the alleged sexual assault that Plaintiff asserts was retaliatory did not violate any of Plaintiff's constitutional rights. Nothing, except Plaintiff's bald assertion, suggests that the strip search was in retaliation for the exercise of a constitutional right. While Plaintiff does not accept that the strip search was conducted in response to Defendant Codfeller finding contraband, in the form of a spring in his locker, Plaintiff proffers nothing to support his contention of retaliation.[5] Therefore, Plaintiff has failed to state a viable claim for retaliation.

---

[5]Plaintiff may intend that his allegation that Defendant Codfeller made a comment to another officer that Plaintiff's grievance regarding destruction of his property during the cell search was not going to do him any good and that it "might as well be used for shit paper" as evidence of retaliation. The alleged comment, although offensive, suggests that Defendant Codfeller was actually not concerned about Plaintiff's grievance. Logic would suggest that Defendant Codfeller would be unlikely to retaliate against Plaintiff for something that Defendant Codfeller considered unimportant, and there is no other allegation from Plaintiff in this regard.

## IV. Conclusion

Defendants' Motion to Dismiss for failure to state a claim upon which relief can be granted is **GRANTED**. Plaintiff has failed to state a federal claim under 42 U.S.C. § 1983, the Constitution, or any federal law.[6] Plaintiff is **ADVISED** that he may appeal from this Memorandum Dismissal Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within thirty (30) days from the date of this Memorandum Dismissal Order. If Plaintiff wishes to proceed *in forma pauperis* on appeal, the application to proceed *in forma pauperis* is to be submitted to the Clerk, United States Court of Appeals, Fourth Circuit, 1100 E. Main Street, Richmond, Virginia 23219.

The Clerk is **DIRECTED** to send a copy of this Memorandum Dismissal Order to Plaintiff and counsel for Defendants.

IT IS SO **ORDERED**.

/s/
Rebecca Beach Smith
Chief
United States District Judge

Norfolk, Virginia
October 31, 2012

---

[6]As previously stated, <u>supra</u> at 6-7 and 9, this matter may involve state law torts and this dismissal does not apply to any state law claims or action.